1

2

3

4

5

6

7

8

9

10

11

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

12  NAPOLEON BROWN,                          )      No. C 11-00977 JF (PR)
                                            )
13          Petitioner,                     )      ORDER GRANTING MOTION TO
                                            )      STAY; INSTRUCTIONS TO
14     vs.                                  )      CLERK
                                            )
15                                          )
    ATTORNEY GENERAL OF THE                 )
16  STATE OF CALIFORNIA,                    )
                                            )
17          Respondent.                     )
                                            )
18  _____

19          Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas

20  corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction.  Petitioner has paid

21  the filing fee.  Petitioner requests that the instant petition be stayed to allow him to

22  exhaust unexhausted claims in the state courts.

23

24                                    **STATEMENT**

25          Petitioner was found guilty by a jury in San Francisco County Superior Court of

26  several charges, including murder, four counts of robbery, a firearm enhancement,

27  carjacking, and a prior robbery conviction. (Pet. 2.)  On February 27, 2006, the state court

28  granted Petitioner's new trial motion on the murder charge on the grounds of ineffective

Order Granting Motion to Stay; Inst. To Clerk
P:\PRO-SE\SJ.JF\HC.11\00977Brown_stay (exh).wpd                    1

1   assistance of counsel; the murder charge remains pending retrial in San Francisco

2   Superior Court  (Id.)  On April 11, 2006, Petitioner was sentenced to forty-four years and

3   four months in state prison for the remaining counts.  (Id. at 3.)

4        Petitioner appealed his conviction and filed a petition in the state appellate court.

5   (Id.)  The state appellate court affirmed the grant of a new trial on the murder charge,

6   affirmed the remaining convictions, and denied the state petition.  (Id.)  On October 28,

7   2009, the state high court denied review.  (Id.)  Petitioner also filed a petition for writ of

8   certiorari in the United States Supreme Court, which denied the petition on March 8,

9   2010.  (Id.)

10       Petitioner filed the instant federal petition on March 2, 2011.

11

12                              **DISCUSSION**

13  A.    Motion to Stay

14       Petitioner alleges numerous claims under the Fifth, Sixth and Fourteenth

15  Amendments, including Brady violations and ineffective assistance of counsel claims

16  which Petitioner admits have not been exhausted.  (Pet. at 6.)  Petitioner requests the

17  Court to stay and abey the petition to permit him to exhaust these claims in state court.

18       Prisoners in state custody seeking to challenge collaterally in federal habeas

19  proceedings either the fact or length of their confinement are first required to exhaust

20  state judicial remedies, either on direct appeal or through collateral proceedings, by

21  presenting the highest state court available with a fair opportunity to rule on the merits of

22  each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b),(c);

23  Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3

24  (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988).  The exhaustion

25  requirement is satisfied only if the federal claim (1) has been "fairly presented" to the

26  state courts, see id.; Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); or (2) no state

27  remedy remains available, see Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).

28  Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc).  Petitioner admits

1   that he has not yet submitted his <u>Brady</u> and ineffective assistance of counsel claims to the

2   state high court, presenting them with a fair opportunity to rule on the merits.  <u>See</u> 28

3   U.S.C. § 2254(b),(c).  Accordingly, the instant petition is a mixed petition.

4        District courts have the authority to issue stays and AEDPA does not deprive them

5   of that authority.  <u>Rhines v. Webber</u>,  544 U.S. 269, 277-78 (2005).  However, the district

6   court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes

7   of reducing delay in the execution of criminal sentences and encouraging petitioners to

8   seek relief in the state courts before filing their claims in federal court.  <u>Id.</u> at 277.

9   Because the use of a stay and abeyance procedure has the potential to undermine these

10  dual purposes of AEDPA, its use is only appropriate where the district court has first

11  determined that there was good cause for the petitioner's failure to exhaust the claims in

12  state court and that the claims are potentially meritorious.  <u>Id.</u>  The Court finds that the

13  unexhausted claims above are potentially meritorious.  The pending new trial on the

14  murder charge appears to be good cause for Petitioner's failure to exhaust these claims

15  previously.  Consequently, Petitioner's motion to stay this action while he exhausts these

16  claims in the state courts will be granted.

17

18                              **CONCLUSION**

19       For the foregoing reasons, the Court orders as follows:

20       1.       Petitioner's application to stay the petition is GRANTED, and the above-

21  titled action is hereby STAYED until **thirty (30) days** after the state supreme court's final

22  decision on Petitioner's claims.

23       2.       If Petitioner intends to have this Court consider the unexhausted claims, he

24  must have properly presented them to the Supreme Court of California, and if he has not

25  obtained relief in state court, thereafter notify the Court **within thirty (30) days** of the

26  California Supreme Court's decision, by filing a motion to reopen this action and for

27  leave to amend his petition to add the newly exhausted claims.  Petitioner must file a

28  FIRST AMENDED PETITION, containing all exhausted claims, at the same time as the

Order Granting Motion to Stay; Inst. To Clerk
P:\PRO-SE\SJ.JF\HC.11\00977Brown_stay (exh).wpd        3

1  motion to reopen this action.  The first amended petition must include the caption and

2  civil case number used in this order, No. C 11-00977 JF (PR), and must include the words

3  FIRST AMENDED PETITION on the first page.  Petitioner may not incorporate material

4  from the original petition by reference.

5       3.      The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay

6  of this action.  This has no legal effect; it is purely a statistical procedure.  When

7  Petitioner informs the Court that he has exhausted his additional claims, the case will be

8  administratively re-opened.

9       4.      The Clerk shall enclose two copies of the court's form petition with a copy

10  of this order to Petitioner.

11       IT IS SO ORDERED.

12  Dated:    4/29/11

JEREMY FOGEL
13  United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


NAPOLEON BROWN,

                Petitioner,

   v.

ATTORNEY GENERAL,

                Respondent.

                                /

Case Number: CV11-00977 JF

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on    5/10/11   , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.



Napoleon Brown 2009-00000873
San Francisco Jail
7th Floor
San Francisco, CA 94103


Dated:    5/10/11

                                  Richard W. Wieking, Clerk