UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAPOLEON BROWN,<br><br>    Petitioner,<br><br>  v.<br><br>ATTORNEY GENERAL<br>OF THE STATE OF CALIFORNIA;<br>MICHAEL HENNESSEY,<br>San Francisco Sheriff,<br><br>    Respondents.<br>                                      / | No. C 11-0977 SI (pr)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Napoleon Brown, a convicted prisoner currently housed at the San Francisco County Jail, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Brown's first amended petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

The first amended petition provides the following information: Brown was convicted of murder, four counts of robbery and carjacking. Several sentence enhancement allegations were found true. On April 11, 2006, Brown was sentenced to 44 years 4 months in prison. He states that his motion for new trial on the murder conviction was granted and that he "is pending resentencing in San Francisco County Superior Court." First Amended Petition, p. 2. Brown

appealed. The California Court of Appeal affirmed the decision granting the motion for a new trial on the murder charge and affirmed the judgment as to the remaining convictions. The appellate court also denied a habeas petition that had been filed by Brown. On October 28, 2009, the California Supreme Court denied his petition for review. Brown filed a petition for writ of certiorari in the United States Supreme Court, which was denied on March 8, 2010. He later filed unsuccessful petitions for writ of habeas corpus in the San Francisco County Superior Court and in the California Supreme Court.

When this action was filed on March 2, 2011, it was assigned to Judge Fogel. Brown sought and obtained a stay of the proceedings so that he could exhaust state court remedies as to unexhausted claims. He later returned to this court, reported that he had exhausted state court remedies, presented a first amended petition, and moved to reopen the action. By that point in time, Judge Fogel had left the district to become the director of the Federal Judicial Center. Judge Davila, as the San Jose Division General Duty Judge, granted the motion to reopen the action and lifted the stay. Once reopened, the action was assigned to the undersigned. Accordingly, all future filings should have the initials "SI" rather than "JF" at the end of the case number, i.e., the case number is now "C 11-0977 SI (pr)."

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The amended petition alleges the following claims: (1) the prosecutor improperly excused five potential African-American jurors and excused one juror because of the juror's religion, *see Batson v. Kentucky*, 476 U.S. 79 (1986); (2) the prosecutor violated Brown's Fifth, Sixth and Fourteenth Amendment rights by using evidence of Brown's decision not to speak with police on the advice of counsel as evidence of his guilt; (3) Brown's Sixth Amendment rights to confrontation and to present a defense were violated by the trial court's limits on cross-examination of officer Watts; (4) Brown's Sixth Amendment right to confront witnesses and Fourteenth Amendment right to due process were violated by the admission of a hearsay statement the victim made to police before she died; (5) "the court's confusing answer to the jury's question deprived him of his right to have the jury decide each element of the carjacking charge," First Amended Petition, p. 5; (6) one juror's comment to other jurors offering her expert opinion as a nurse who worked with dying patients "deprived Petitioner of his federal constitutional 'rights to confrontation, cross-examination and assistance of counsel embodied in the Sixth Amendment,'" *id.*; (7) the supplemental jury instructions regarding the gun enhancement created an unconstitutional mandatory presumption that relieved the state of its burden to prove an element of the enhancements beyond a reasonable doubt; (8) Brown received ineffective assistance of counsel in the four ways specified at pages 5-6 of the first amended petition; and (9) the prosecutor failed to disclose material exculpatory evidence regarding police officers who testified against Brown. Liberally construed, the claims appear to be cognizable in a federal habeas action.

## CONCLUSION

For the foregoing reasons,

1. The first amended petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition, first amended petition and all attachments thereto upon respondent and respondent's attorney, the

Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **June 1, 2012**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **July 6, 2012**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

DATED: March 20, 2012

                                  SUSAN ILLSTON
                              United States District Judge